## SULLIVAN v INDUSTRIAL COMMISSION

Ohio Common Pleas, Cuyahoga Co

Decided Feb 18, 1938

Chester K. Gillespie, Cleveland, for plaintiff.

Stephen M. Young, Cleveland, and Walter H. Saunders, Cleveland, for defendants.

## OPINION

By LAUSCHE, J.

Today, after having read the transcript of the evidence in the above styled case, I have found that the plaintiff is entitled to participate in the benefits provided by the Workmen's Compensation Law of Ohio.

From an examination of the transcript and the exhibits which were offered in evidence, it appears to me that unless it is established that George Sullivan was married and had living an undivorced wife prior to July 19, 1929, the plaintiff, through the exhibits and the oral testimony given by her has established that she was married to George Sullivan in the month of July, 1929.

Under §209, GC, a death certificate is required to state the "conjugal condition" of the deceased person. Under §231 GC a certified copy of the death registered under the provisions of the laws dealing with vital statistics is declared to be "prima facie evidence of the facts stated therein in all courts and places.'

In addition to this prima facie evidence that George Sullivan was married to Mrs. Stella Sullivan the latter testified that she was married to George Sullivan on July 19, 1929, by a justice of the peace in Cleveland, Ohio, and that after such marriage until the time of the death of George Sullivan she lived with him as his wife.

There also appears in evidence the "certificate of marriage" signed by J. E. Chizek, justice of the peace, legally empowered to solemnize marriage in Cuyahoga County. It is obvious, therefore, that in the absence of proof to the contrary or in the absence of proof showing that George Sullivan was previously married to a wife who was still living, undivorced from him, the testimony which was offered to establish the claim that the plaintiff was the wife of George Sullivan is sufficient in weight to establish that claim.

It is true that Sarah Sullivan testified to the effect that she was married to George Sullivan in Asheville, North Carolina, on July 29, 1918. No corroboration of any character whatsoever appears in the testimony supporting the claim of Sarah Sullivan that she is the wife of the deceased George Sullivan.

Although Sarah Sullivan claimed she was married by a minister in Asheville and that prior to the marriage a license was obtained by Mr. Sullivan authorizing the marriage, no testimony has been submitted corroborating those claims. Can I, from the testimony of Sarah Sullivan uncorroborated, conclude that she was the wife of George Sullivan? To support her claim no one testified that she was ever held out as the wife of George or that George and Sarah ever lived together.

On the other hand from what I have already indicated it does appear that the plaintiff was married to the deceased Mr. Sullivan, that she lived with him and was designated as his wife in the death certificate. I concede, of course, that the death certificate is merely prima facie evidence and can be rebutted by other evidence. Accordingly I have only ascribed to the death certificate the evidential weight to which it is legally entitled, and I have considered it in connection with the marriage certificate and the oral proof offered by the plaintiff.

In view of the foregoing it is my conclusion that the proof offered is insufficient to establish the claim that Sarah Sullivan was the wife of the deceased person. While on the contrary there is sufficient testimony to establish the plaintiff's claim that she was married to the deceased and was legally his wife. As I have already indicated, the finding of the court is that the plaintiff is entitled to participate in the benefits provided by the Workmen's Compensation Law of Ohio.